IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARDY SINCLAIR MARTINEZ-JONES,

      Plaintiffs,

vs.                                        No. CIV 07-0703 JB/WDS

DULCE INDEPENDENT SCHOOLS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the Plaintiff's Letter to the Court (dated December 1, 2007); and (ii) the Plaintiff's Motion to Hold Harmless and Immune from All Defendant's Costs, filed January 17, 2008 (Doc. 4)("Plaintiff's Motion"). The primary issues are: (i) whether the Court should grant Martinez-Jones immunity from having to pay for any of Defendant Dulce Independent Schools' legal costs or expenses related to the case, regardless of if he wins or loses; and (ii) whether the Court should refer Plaintiff Jardy Sinclair Martinez-Jones' case to the Pro Se Civil Litigants Committee. Because the Court cannot, at this stage of the case and perhaps at any stage of a case, grant such immunity to a plaintiff, the Court will deny the request for immunity, but will refer Martinez-Jones' case to the Honorable Leslie C. Smith, United States Magistrate Judge, Chairman of Pro Se Civil Litigants Committee to see if the Committee wishes to attempt to find an attorney to handle the matter.

## FACTUAL BACKGROUND

Martinez-Jones represents that he is retired and is on a fixed income. See Plaintiff's Answer to Defendant's Response Dated January 31, 2008 at 2, filed February 20, 2008 (Doc. 7)("Plaintiff's Answer"). According to Martinez-Jones, he was a teacher for the past sixteen years at Dulce

Schools before he, along with several other teachers of minority background, were forced to resign in 2007.  <u>See</u> Complaint at 2, filed July 24, 2007 (Doc. 1)("Complaint").  Martinez-Jones strongly feels that the Dulce School System Administrators discriminated against him and other minority teachers.  <u>See</u> Plaintiff's Answer at 2.   Specifically, Martinez-Jones states that Superintendent Friedley and Principal Siders

> [gave me] poor evaluations, they harassed me, gave me poor observations, refused to help me with student discipline, set me up for failure, refused to acknowledge my students academic achievements, failed to provide me with support or training in areas they deemed important, retaliated against me because of my EEOC complaint; in addition, I was demeaned, reprimanded, treated differently than my peers, forced to work in a hostile work environment, and targeted me for termination which they achieved by forcing my resignation under duress in May 2007.

Complaint at 3.

Martinez-Jones represents that he has sought representation on these claims from numerous attorneys and has been unable to find representation.  <u>See id.</u>  He states that several attorneys  -- probably over ten -- have refused to consider his case. <u>See id.</u>  Martinez-Jones further represents that the Village of Chama has no legal library, and that he would not know how to use it even if the Village had such a library or if such a library were available to him.  <u>See</u> Plaintiff's Answer at 1. He correctly notes that, even if he had access to a legal library, judges write new case law everyday, and this new case law would not yet be available to him in books. <u>See id.</u>

Martinez-Jones also notes that the Equal Employment Opportunity Commission has sided with Dulce Schools in at least four similar cases during the same time period.  <u>See id.</u> at 2. Martinez-Jones states that, to the best of his knowledge, two complaints remain pending an EEOC decision.  <u>See id.</u>  Martinez-Jones acknowledges that his case will be hard to win, "especially in light of the fact that so many attorneys have refused the case, in light of the EEOC decision in favor of

the Dulce Schools, and because of his limited legal knowledge." Id.

## PROCEDURAL BACKGROUND

Martinez-Jones filed his Complaint on July 24, 2007.  While Martinez-Jones does not acknowledge any deadlines in his December 1, 2007 letter to the Court, he overlooks that the 120-day time limit to serve Dulce Schools, under rule 4(m) of the Federal Rules of Civil Procedure, expired in late November.  See Fed. R. Civ. P. 4(m).  Martinez-Jones has still not served his Complaint on Dulce Schools.

On December 1, 2007, and before filing this motion on January 14, 2008, Martinez-Jones sent a letter to the Court seeking an opinion, in writing, on the issue of Dulce Schools' fees as allegedly allowed under page nine of the Pro Se Litigant Guide. See Defendant's Response to Plaintiff's Motion to Hold Harmless and Immune from All Defendant's Costs, Exhibit 1, Letter from Jardy Sinclair Martinez-Jones (dated December 1, 2007), filed January 31, 2008 (Doc. 5)("Defendant's Response").  Martinez-Jones' letter stated, in relevant part:

> Before I serve the summons on Dulce Independent Schools as a pro se litigant, I would like the assurance of the Court that if I lose the case (which is probably more likely than not) I will not be held accountable for any of the defendant's attorney fees or court costs.  I feel very strongly that I should be allowed to have my day in court and that I was discriminated against by Principal Sider and Superintendent Friedly of the Dulce School system, but if I lose my case and am subsequently ordered to pay the defendant's court costs and attorney's fees, I do not feel that I would be in a position or able to afford to do that.  Although I have been unsuccessful in my attempt to obtain an attorney, I have not given up and have not exhausted all possibilities.  But whether I go into court with or without an attorney does not change the fact that I am not able or willing to take the chance that I would have to pay the defendant's costs and fees.

See id.  Martinez-Jones sent a copy of his letter to Dulce Schools' counsel.  See id.  The Court also received Martinez-Jones' letter, but did not answer the letter.

In his Motion to Hold Harmless and Immune From All Defendant's Costs, Martinez-Jones

represents that he is prepared to represent himself or to ask the Clerk of the Court to appoint representation for him as provided in the pro se administrative rules.  See Plaintiff's Motion. Martinez-Jones is currently prosecuting his case pro se.

Martinez-Jones has determined, however, that it would not be prudent to proceed, with so many legal odds stacked against him, if he has to pay thousands of dollars in defense fees if he loses the case.  See id.  In addition, he is concerned that, if he were to win, there could be the additional costs involved in an appeal and another questionable outcome.  See id.  His motion cites no authority, however, for the proposition that the Court may commit to waiving, in advance, any assessment against him of attorney's fees or costs.  Nor does Martinez-Jones provide any evidence to support his suggestion that he could not afford to pay such fees and costs if the case is decided against him.

On January 31, 2008, Dulce Schools filed a response to Martinez-Jones' motion.  See Defendant's Response.  On February 20, 2008, Martinez-Jones filed a reply titled "Plaintiff's Answer to Defendant's Response Dated January 31, 2008." (Doc. 7).  In his reply, Martinez-Jones states that, if the Court will protect him from defense legal fees, he will proceed with the case to the best of his ability.  See id. at 2.  Martinez-Jones also states, however, that, if the Court cannot or will not offer this protection to him, he will agree to dismissal of the case, without prejudice, with the stipulation that each party pays its own expenses to date.  See id.

## FEDERAL RULE OF CIVIL PROCEDURE 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

**Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure,

the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  Under rule 4(m) of the Federal Rules of Civil Procedure, the court employs a two-step analysis. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. See id.  Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service. See id.; Fed. R. Civ. P. 4(m) Advisory Committee notes to the 1993 amendments to subdivision (m)(stating that "[t]he new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Tenth Circuit cases that interpreted rule 4(j) continue to provide guidance in determining whether good cause has been shown under rule 4(m).[1]  See Espinoza v. United States, 52 F.3d at 841.  "The 'good cause' provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994)(quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)).  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996)(holding that the bankruptcy court, in finding that good cause for untimely service was not shown, did not abuse its discretion, because a plaintiff must show meticulous efforts, and plaintiffs' unexplained miscalculation in the deadline, even when no prejudice is shown, did not constitute good cause when combined with a decision to wait until the last minute to serve the defendant -- apparently for strategic purposes).  "[I]nadvertence or negligence alone do not constitute 'good

---

[1] Fed. R. Civ. P. 4(j) (1987) was amended in 1993 and is now codified as Fed. R. Civ. P. 4(m).

cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." In re Kirkland, 86 F.3d at 176 (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987) and Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439)).

If a plaintiff is unable to show good cause, the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Fed. R. Civ. P. 4(m) Advisory Committee notes to the 1993 amendments to subdivision (m).

## APPLICABLE DISTRICT OF NEW MEXICO LOCAL RULES

Pursuant to D.N.M. LR-Civ. 7.4(a), a movant must request concurrence of each party and recite that there has been a good-faith request for such concurrence. See D.N.M.LR-Civ. 7.4(a). D.N.M. LR-Civ. 7.4(a) states: "Movant must request concurrence of each party, at least three (3) working days before filing a motion. Movant must recite that concurrence was refused or explain why concurrence could not be obtained. A motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR.-Civ. 7.4(a). Pursuant to D.N.M.LR-Civ. 7.5, a motion must cite authority in support of its legal position and must submit evidence in support of allegations of fact. D.N.M. LR-Civ. 7.5 provides:

> **(a)** A motion, response or reply must cite authority in support of the legal positions advanced. Movant's authority may be submitted in a separate brief filed and served contemporaneously with the motion.

> **(b)** Movant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact.

D.N.M. LR-Civ 7.5.

## DISTRICT OF NEW MEXICO PRO SE LITIGANT GUIDE

The District of New Mexico has a Guide for Pro Se Litigants that provides guidance to pro

se litigants on self-representation in federal court.  See D.N.M. Guide for Pro Se Litigants (February

2008).[2]

### OBTAINING INFORMATION ABOUT A CASE

The Clerk's Office maintains an automated record, or docket, for every case that is
filed with this court.  The docket is a chronological summary of all significant events
in the history of the case.  For example, each time a pleading or paper is filed or a
hearing is held, an entry summarizing the event is added to the case docket.  The
docket can be reviewed for free on the public-access terminals located in the Clerk's
Office in Albuquerque, Santa Fe, and Las Cruces.

Alternatively, the public can access case information via the internet by obtaining an
account through the Public Access to Court Electronic Records (PACER) Service
Center.  The PACER Service Center hours are 8:00 a.m. to 5:00 p.m. (CST), Monday
through Friday.  The PACER Service Center can be reached via phone at (800)
676-6856, via email at pacer@psc.uscourts.gov or via postal mail at P.O. Box
780549, San Antonio, TX, 78278.

The staff of the Clerk's Office does not know, and cannot provide you with, the
reasons for a judge's decision.  Nor is the Clerk's Office in a position to know when
a judge will respond to a motion or issue a ruling in a case.  The judge's courtroom
deputy can respond to specific questions regarding scheduling.

Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the
judge or judge's staff.  *Ex parte* communication occurs when one of the parties to a
lawsuit exchanges information with the assigned judge (1) without the opposing
party being present, or (2) without the knowledge and consent of the opposing party.

Any communication between the assigned judge and a *pro se* litigant should be in
writing, and a copy of the communication should be sent to the opposing party or,
if represented, to that party's attorney. The letter to the judge should indicate that a
copy has been sent to the opposing party. Telephone or personal contact with the
judge's staff should be limited to specific scheduling inquiries.

---

[2]The Court cites to the February 2008 version of the Guide for Pro Se Litigants.  In Martinez-
Jones' Answer to Defendant's Response Dated January 31, 2008, he cites to an older version of the
Guide for Pro Se Litigants.

**FILING MOTIONS**

Any party to the lawsuit may file a motion, if there is a request for the court to take specific action related to the case.  A motion must be in writing and must specifically state the grounds for the motion and the relief sought.  The party filing the motion (the "movant") must request concurrence of each party at least three working days before filing the motion.  The movant must recite that concurrence was refused or explain why concurrence could not be obtained.  A motion that omits recitation of a good-faith request for concurrence may be denied.

For opposed motions, the movant must file and serve on all parties copies of the motion, supporting brief or memorandum (a summary of the law supporting the motion) and affidavits and other papers related to the motion. The motion must include a statement indicating when and to whom service was made.  The response and reply must also be filed and served on all parties.  Timing of the response and reply must conform with Rule 7.6 of this court's local rules.

**Failure to serve and file a response in opposition to any motion constitutes consent to grant the motion**.

The combined length of a motion and supporting brief must not exceed 27 double-spaced pages.  A response brief must not exceed 24 double-spaced pages; a reply brief must not exceed 12 double-spaced pages.

A motion will be decided on the briefs unless the court sets it for hearing.  If the court sets the motion for hearing, a notice of hearing will be sent to all attorneys and *pro se* parties.  When a decision has been made on a motion, the court will issue a written order that either grants, denies, or partially grants and denies the motion.

United States District Court for the District of New Mexico Guide for Pro Se Litigant at 10-11

(February 2008)("Guide for Pro Se Litigants"). The Guide for Pro Se Litigants also provides

guidance on service to the opposing party and appointment of counsel.

**SERVING THE SUMMONS AND COMPLAINT**

The plaintiff is responsible for making sure the summons and complaint are served on every defendant within 120 days of the filing of the complaint.  This is called "service of process," and it is the method used to notify the defendant that a lawsuit is pending.  Detailed instructions on how to serve a summons and complaint can be found in Rule 4 of the *Federal Rules of Civil Procedure*.

 **If these instructions are not followed correctly, the case can be dismissed for failure to comply with the rule**.

-8-

The person who serves the summons and complaint is expected to file with the court a "return of service." The return of service is a statement, made under oath, explaining when and how service was made.

After the defendant is served with the summons and complaint, the defendant has a period of time, specified in the summons, within which to answer or respond to the complaint. The time for filing an answer runs from the date the complaint and summons are served, not the date the summons is issued.

### REQUEST FOR APPOINTMENT OF COUNSEL

A *pro se* litigant has no right to be represented by court-appointed counsel, and the court has no obligation to appoint counsel. However, the court may appoint an attorney who agrees to appear in an exceptional case. To request that the court appoint counsel, a "motion for appointment of counsel" may be filed with the complaint.

In the alternative, the Court has a Pro Bono program which includes a panel of attorneys who volunteer to accept certain cases on behalf of the court and serve without charge to the *pro se* litigant. To ask that the court refer a matter to the program's selection committee, a letter explaining the need for counsel and what previous efforts have been made to retain counsel may be sent to:

> Clerk of Court
> Pete V. Domenici United States Courthouse
> Pro Se Division, Suite 270
> 333 Lomas Blvd NW
> Albuquerque, NM, 87102

For the request to be considered, it must involve a case already existing on the court's docket.

Guide for Pro Se Litigants at 9-10. The Court notes that the Guide for Pro Se Litigants does not provide any guidance on the whether the Court can waive the possibility that a pro se plaintiff be assessed the opposing parties' legal expenses and costs.

### ANALYSIS

Martinez-Jones argues that Dulce Schools preempted the necessity of service by entering an appearance through its attorneys on September 4, 2007, before the case had become "at issue." Plaintiff's Answer at 1; Notice of Appearance, filed September 4, 2007 (Doc. 3). While it is unusual

for an attorney to enter an appearance before his or her client is served, it is also unusual for a plaintiff to file substantive motions before serving the defendant. Because Martinez-Jones filed his Motion to Hold Harmless and Immune from All Defendant's Costs before serving Dulce Schools, and because Dulce Schools responded by raising the issue of Martinez-Jones' failure to comply with rule 4 of the Federal Rules of Civil Procedure, Dulce Schools preserved its 12(b)(5) motion regarding insufficient service of process. See Defendant's Response at 2.

By filing his motion before serving Dulce Schools, Martinez-Jones put Dulce Schools in a difficult position -- Dulce Schools wanted to respond to Martinez-Jones' motion but also did not want to waive its objection to Martinez-Jones' insufficient service. By responding to Martinez-Jones' motion and raising its objection to Martinez-Jones' failure to serve it within the 120-day period, the Court believes that Dulce Schools did not waive its objection to being insufficiently served. See Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

Furthermore, the Court does not believe that Dulce Schools' entry of appearance obviated the need for Martinez-Jones to serve Dulce Schools in accordance with Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4. The United States Court of Appeals for the Tenth Circuit has held that "[o]bjections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion." Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992). Black's law dictionary defines "motion" as "a written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary (8th ed. 2008). Because an entry of appearance does not request a court to make a specified ruling or order, Dulce Schools' entry of appearance did not waive its objection to Martinez-Jones' insufficient service.

-10-

Thus, contrary to Martinez-Jones' understanding, proper service was still required after Dulce Schools' entry of appearance.

Dulce Schools suggests that there is a question whether the Court has jurisdiction to hear Martinez-Jones' motion because Martinez-Jones has not served it.  See Defendant's Response at 2.  Dulce Schools, however, does not fully explain why the Court lacks subject-matter jurisdiction or personal jurisdiction in the case. See id.  Because Dulce Schools does not explain why the Court lacks jurisdiction and because the Court believes that it has jurisdiction over Martinez-Jones and is able to deny this motion in part and grant it in part, the Court believes it has jurisdiction and will accordingly decide Martinez-Jones' motion.

The Court agrees with Dulce Schools, however, that Martinez-Jones' motion does not comply with the Court's rules.  Martinez-Jones' motion violates District of New Mexico Local Rules Civ. 7.4(a) and 7.5.  See D.N.M.LR-Civ. 7.4 and 7.5.  Moreover, Martinez-Jones appears to have intentionally refrained from serving Dulce Independent Schools within 120 days, in violation of Federal Rule of Civil Procedure 4(m).  See Defendant's Response, Exhibit 1, Letter from Jardy Sinclair Martinez-Jones to the Court (dated December 1, 2007).  Nevertheless, because Martinez-Jones is proceeding pro se, the Court will not summarily deny his motion, and will consider it on the merits.

Martinez-Jones concedes that he does not know when defense attorneys fees are awarded against the plaintiff if the plaintiff loses his or her case, but he assumes it is possible that he will be assessed such fees in this case. See Plaintiff's Answer at 2.  Martinez-Jones states that his failure to cite case law, authority, and evidence, shows the great disadvantage with which he must work if this case continues. See id. at 1.  Martinez-Jones notes that his motion's deficiencies further show

that he would not be prudent to continue if, in addition to losing the case, he would have to pay for the litigation costs of Dulce Schools' attorney.  See id.

Martinez-Jones states that he would, under the right circumstances, welcome a chance to prove that the Dulce School System Administrators discriminated against him and other minority teachers. See id. at 2.  Martinez-Jones realizes, however, that his case would be hard to win, especially in light of the fact that so many attorneys have refused the case, in light of the EEOC decision in favor of the Dulce Schools, and because of his limited legal knowledge.  See id.

Martinez-Jones notes that he does not have the same financial abilities to litigate this case as Dulce Schools.  See id.  at 1.  Martinez-Jones states that he does not know whether it would be prudent to continue a case where Dulce Schools is amassing hundreds of dollars per hour in attorney's fees with which the plaintiff might be saddled if the case is lost.  See id. at 1-2.

Martinez-Jones argues that dismissing his pro se case on a technicality or under threat of having to bear Dulce Schools' legal expenses does nothing to further individual rights and freedoms under the Constitution of the United States, including the Bill of Rights.  See id. at 1.  He notes that dismissing his case under these circumstances would seem only to rubber stamp Dulce Schools' propensity to discriminate against minorities.   See id. at 1-2.

Because the Court cannot and should not grant Martinez-Jones immunity from possible costs and fees, at least at this stage of the proceedings, the Court will deny his motion for immunity from Defendant's costs.  Pro se litigants must comply with discovery rules and the statutes that Congress passes, and some of those allow for sanctions if a litigant does not comply with them.  It would be unfair to a defendant for a court to excuse a plaintiff in advance from any sanction for failure to comply with the rules and standards that apply to all other parties.  While the Court will not give

-12-

Martinez-Jones immunity from any award of attorney fees and costs assessed against him, the Court will, however, refer his case to the Pro Se Civil Litigants Committee.  The Pro Se Civil Litigants Committee will use its discretion to determine whether it is appropriate to provide Martinez-Jones with counsel.

**IT IS ORDERED** that the requests in the Plaintiff's December 1, 2007 letter to the Court are denied, and the Plaintiff's Motion to Hold Harmless and Immune from All Defendant's Costs is granted in part and denied in part. The Court will deny the Plaintiff's request that the Court give him immunity from any award of attorney fees and costs against him, but the Court will refer his case to the Pro Se Civil Litigants Committee.


_____
UNITED STATES DISTRICT JUDGE


*Parties and counsel:*

Jardy Sinclair Martinez-Jones
Chama, New Mexico

   *Plaintiff pro se*

Gerald A. Coppler
Coppler & Manick, P.C.
Santa Fe, New Mexico

   *Attorneys for the Defendant*