IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARDY SINCLAIR MARTINEZ-JONES,

    Plaintiff,

vs.    No. CIV 07-0703 JB/WDS

DULCE INDEPENDENT SCHOOLS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4(m), filed February 13, 2008 (Doc. 6)("Motion to Dismiss"). The Court held a hearing on this motion on March 6, 2008. The primary issue is whether the Court should dismiss Plaintiff Jardy Sinclair Martinez-Jones' Complaint because he has violated rule 4(m) of the Federal Rules of Civil Procedure by intentionally refraining from serving the Complaint on Defendant Dulce Independent Schools until the Court holds him immune and harmless from any defense costs and attorney fees. Because Martinez-Jones has not filed a written response to Dulce Schools' motion and may therefore be deemed to have consented to the Court granting the motion, and because Martinez-Jones has not shown good cause for his refusal to serve Dulce Schools, the Court will grant Dulce Schools' motion in part, but because Martinez-Jones is proceeding pro se, the Court will deny Dulce Schools' motion in part and dismiss the Complaint thirty days from the date of the March 6, 2008 hearing and only then if Martinez-Jones has not served his Complaint on Dulce Schools and filed and executed a return of service with the Court.

## FACTUAL BACKGROUND

Martinez-Jones represents that he is retired and is on a fixed income. See Plaintiff's Answer

to Defendant's Response Dated January 31, 2008 at 2, filed February 20, 2008 (Doc. 7)("Plaintiff's Answer"). According to Martinez-Jones, he was a teacher for the past sixteen years at Dulce Schools before he, along with several other teachers of minority background, were forced to resign in 2007. See Complaint at 2, filed July 24, 2007 (Doc. 1)("Complaint"). Martinez-Jones strongly feels that the Dulce School System Administrators discriminated against him and other minority teachers. See Plaintiff's Answer at 2. Specifically, Martinez-Jones states that Superintendent Friedley and Principal Siders

> [gave him] poor evaluations, they harassed [him], gave [him] poor observations, refused to help [him] with student discipline, set [him] up for failure, refused to acknowledge [his] students academic achievements, failed to provide [him] with support or training in areas they deemed important, retaliated against [him] because of [his] EEOC complaint; in addition, [he] was demeaned, reprimanded, treated differently than [his] peers, forced to work in a hostile work environment, and targeted [him] for termination which they achieved by forcing [his] resignation under duress in May 2007.

Complaint at 3.

Martinez-Jones represents that he has sought representation on these claims from numerous attorneys and has been unable to find representation. See id. He states that several attorneys -- probably over ten -- have refused to consider his case. See id. Martinez-Jones further represents that the Village of Chama has no legal library, and that he would not know how to use it even if the Village had such a library or if such a library were available to him. See Plaintiff's Answer at 1. He correctly notes that, even if he had access to a legal library, judges write new case law everyday, and this new case law would not yet be available to him in books. See id.

Martinez-Jones also notes that the Equal Employment Opportunity Commission has sided with Dulce Schools in at least four similar cases during the same time period. See id. at 2. Martinez-Jones states that, to the best of his knowledge, two complaints remain pending an EEOC

decision. See id. Martinez-Jones acknowledges that his case will be hard to win, "especially in light of the fact that so many attorneys have refused the case, in light of the EEOC decision in favor of the Dulce Schools, and because of his limited legal knowledge." Id.

## PROCEDURAL BACKGROUND

Martinez-Jones filed his Complaint on July 24, 2007. See Complaint. Martinez-Jones has intentionally refrained from serving his Complaint on Dulce Schools within 120 days of its filing. See Defendant's Response to Plaintiff's Motion to Hold Harmless and Immune From All Defendant's Costs, Exhibit 1, Letter to Court from Jardy Sinclair Martinez-Jones (dated December 1, 2007)("Letter"). To date, Martinez-Jones refuses to serve the Complaint on Dulce Schools. See Motion to Dismiss at 3. In a letter to the Court dated December 1, 2007, Martinez-Jones notified the Court that he is refraining from serving the Complaint on Dulce Schools until he has "assurance of the Court that if [he] lose[s] the case (which is probably more likely than not) [he] will not be held accountable for any of the defendant's attorney fees or court costs." Letter.

On January 17, 2008, Martinez-Jones filed a Motion to Hold Harmless and Immune From All Defendant's Costs. See Motion to Hold Harmless and Immune From All Defendant's Costs, filed January 17, 2008 (Doc. 4)("Plaintiff's Motion"). Martinez-Jones asks in his motion that the Court hold him "immune" and "harmless" from defense fees and costs if he does not prevail. See Plaintiff's Motion at 1.

On January 31, 2008, Dulce Schools responded to Martinez-Jones' motion and raised its objection under rule 4(m) of the Federal Rules of Civil Procedure to Martinez-Jones' insufficient service of process. See Defendant's Response to Plaintiff's Motion to Hold Harmless and Immune From All Defendant's Costs at 2, filed January 31, 2008 (Doc. 5)("Defendant's Response").

Martinez-Jones filed a reply to Dulce Schools' response on February 20, 2008. See Plaintiff's Answer. On March 5, 2008, the Court filed a Memorandum Opinion and Order denying in part and granting in part Martinez-Jones' Motion. See Memorandum Opinion and Order, filed in Jardy Sinclair Martinez-Jones v. Dulce Schools, Civ. No. 07-703-JB/WDS, filed March 5, 2008 (Doc. 10).

On February 13, 2008, Dulce Schools filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). See Motion to Dismiss. According to Dulce Schools' counsel, Martinez-Jones (i) has intentionally refused to serve his Complaint within 120 days of its filing on July 24, 2007 in violation of Federal Rule of Civil Procedure 4(m); (ii) cannot show good cause for his failure to comply with Federal Rule of Civil Procedure 4(m); and (iii) opposes Defendant's Motion to Dismiss. See Motion to Dismiss at 1. Specifically, according to Dulce Schools, Martinez-Jones stated his opposition to the Motion to Dismiss in a telephone conference held on Thursday, January 31, 2008. See id. at 1. Dulce Schools moves the Court, pursuant to rules 4(m) and 12(b)(5), of the Federal Rules of Civil Procedure, for dismissal of Martinez-Jones' Complaint. See Motion to Dismiss at 1.

The Court held a hearing on March 6, 2008. See Transcript of Hearing (taken March 6, 2008)("Tr."). At the hearing the Court informed the parties that it was inclined to grant the motion in part and dismiss the case, but not to do so for thirty days from the hearing to give Martinez-Jones the opportunity to serve Dulce Schools. See id. at 2:11-13 (Court). The Court indicated that, if Martinez-Jones does not serve Dulce Schools within thirty days of the hearing, it will dismiss the case without prejudice and without further notice or effort by the parties. See id. at 2:13-16 (Court). In response to the Court's inclination, the counsel for Dulce Schools stated:

> I think the Court's proposal is reasonable and I think that would be acceptable to Dulce and I would further state that if Mr. Jones decides that he does not want to

>serve this complaint within the next 30 days I will state on the record that we will not seek any fees or costs associated with the case. If he chooses to serve the complaint and go forward then we will litigate this case to the fullest extent of our abilities and we will seek all remedies that are available to us in the event that we prevail.

Id. at 2:23-3:6 (Coppler). Martinez-Jones also indicated that the Court's inclination was reasonable.

See id. at 3:9-10 (Martinez-Jones).

## FEDERAL RULE OF CIVIL PROCEDURE 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

>**Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Under rule 4(m) of the Federal Rules of Civil Procedure, the Court employs a two-step analysis. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. See id. Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service. See id.; Advisory Committee notes to the 1993 amendments to Fed. R. Civ. P. 4(m)("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Tenth Circuit cases that interpreted rule 4(j) continue to provide guidance in determining whether good cause has been shown under rule 4(m).[1] See Espinoza v. United States, 52 F.3d at 841.

---

[1] Fed. R. Civ. P. 4(j) (1987) was amended in 1993 and is now codified as Fed. R. Civ. P. 4(m).

"'The good cause provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.'" Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994)(quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)).  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996)(holding that the bankruptcy court, in finding that good cause for untimely service was not shown, did not abuse its discretion, because a plaintiff must show meticulous efforts, and a plaintiffs' unexplained miscalculation in the deadline, even when no prejudice is shown, did not constitute good cause when combined with a decision to wait until the last minute to serve the defendant -- apparently for strategic purposes). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." In re Kirkland, 86 F.3d at 176 (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987), and Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439).

If a plaintiff is unable to show good cause, the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are evading service.  See Espinoza v. United States, 52 F.3d at 842; Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m).

### APPLICABLE DISTRICT OF NEW MEXICO LOCAL RULES

Rule 7.6(a) states:

**(a) Timing.** A response must be served and filed within fourteen (14) calendar days after service of the motion. A reply must be served and filed within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (e) and may be extended by agreement of all parties. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period. An extension of briefing

time must not interfere with established case management deadlines.

D.N.M.LR-Civ. 7.6(a). Rule 7.1(b) states:

> A motion, response, or reply must include a certificate of service on each party. The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.

D.N.M.LR-Civ. 7.1(b).

## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4) and 12(b)(5)

Rule 12(b)(5) provides, in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . (5) insufficient service of process." Fed. R. Civ. P. 12(b)(5). Under rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 477 (D.Kan. 1994)(quoting C. Wright & A. Miller, Federal Practice and Procedure § 1353 (2d ed. 1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." Whitsell v. United States, 198 F.3d 260, 260 (10th Cir. 1999)(citing Fed. R. Civ. P. 12(b)(4), 12(b)(5)). "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1349 (D.Kan. 1994)(citation omitted). See United States v. Sharon Steel Corp., 681 F. Supp. 1492, 1499 n.14 (D.Utah 1987). "A Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." Oltremari by McDaniel v. Kansas Social & Rehabilitative Serv., 871 F. Supp. at 1350 (citation omitted). See United States v. Sharon Steel Corp., 681 F. Supp. at 1499 n.14.

"Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action -- quashing the process without dismissing the action -- other than simply dismissing the case when the defendant's defense or objection is sustained." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354 (3d ed. 2004). "Effectuation of service is a precondition to suit." Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998).  The plaintiff has the burden of establishing the validity of service. See Fed. Deposit Ins. Corp. v. Oaklawn Apts., 959 F.2d 170, 174 (10th Cir. 1992). Where plaintiff does not meet this burden, a court may dismiss for failure to properly serve. See Lasky v. Lansford, 76 Fed Appx. 240, 240-41 (10th Cir. 2003).

"Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994).  See U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140 F.Supp. 2d 1049, 1052-53 (N.D.Cal. 2001)("Dismissals for defects in the form of summons are generally disfavored.  Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice.")(citation omitted).

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."  Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983)(citing 5 C. Wright & Miller, Federal Practice and Procedure § 1354, at 586-87 (1969)).  See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)("Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant . . . even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." (internal quotations and citations

omitted)). In addition, the Court has discretion to dismiss the action if it appears unlikely that proper service can or will be instituted. See Pell v. Azar Nut Co., Inc., 711 F.2d at 950 n.2.

The Application Notes of rule 12 address the issue of whether rule 12 waiver consequences apply to rule 4(m) omissions. See Fed. R. Civ. P. 12, Application Notes, C4-43, Raising and Preserving a Jurisdictional Objection, Is Rule 4(m) a Dismissal Source Independent of Rule 12? The Application Notes state that in International Distribution Centers, Inc. v. Walsh Trucking Co., 1984 WL 545 (S.D.N.Y. 1985), it was argued that a violation of what is now rule 4(m), failing to serve process within 120 days, is a source of dismissal independent of rule 12, and that the rule 12 waiver consequences therefore should not apply to rule 4(m) omissions. See Fed. R. Civ. P. 12, Application Notes, C4-43, Raising and Preserving a Jurisdictional Objection, Is Rule 4(m) a Dismissal Source Independent of Rule 12? (citing International Distribution Centers, Inc. v. Walsh Trucking Co., 1984 WL 545, * 3). The United States District Court for the Southern District of New York rejected the argument that rule 12 waiver consequences do not apply to rule 4(m) omissions and held that several defendants had waived their right to assert their objection to failing to serve process within 120 days under rule 4(m). See Fed. R. Civ. P. 12, Application Notes, C4-43, Raising and Preserving a Jurisdictional Objection, Is Rule 4(m) a Dismissal Source Independent of Rule 12? (citing Int'l Distribution Centers, Inc. v. Walsh Trucking Co., 1984 WL 545, 547-48). The Court noted that the complaining party had answered with no jurisdictional objection and only after much pretrial activity did they move, pursuant to rule 4(m), for the dismissal on the ground of non-service. See Fed. R. Civ. P. 12, Application Notes, C4-43, Raising and Preserving a Jurisdictional Objection, Is Rule 4(m) a Dismissal Source Independent of Rule 12? (citing International Distribution Centers, Inc. v. Walsh Trucking Co., 1984 WL at 545-46). The Advisory Notes to rule 12 summarize the finding in International Distribution Centers, Inc. v. Walsh Trucking Co., stating:

> Since the purpose of the waiver provision of Rule 12 is to remove jurisdictional issues from the case once the defendant has made a response on the merits (which an answer of course does), a defendant's Rule 4(m) objection should be just as much subject to the Rule 12 waiver as any other category of objection addressed by Rule 12. Rule 4(m) is of course concerned with the timeliness of service, but an untimely service is an insufficient one and should as such fall under Rule 12(b)(5).

Fed. R. Civ. P. 4(m), Application Notes, C4-43, Raising and Preserving a Jurisdictional Objection, Is Rule 4(m) a Dismissal Source Independent of Rule 12?

"The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)(internal citations and quotations omitted). "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.D.C. 1993)(internal citations omitted). Although "district courts do not need to provide detailed guidance to pro se litigants," they should at least "supply minimal notice of the consequences of not complying with procedural rules." Id. This assistance does not, of course, "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." Id.

## ANALYSIS

Because Martinez-Jones has not filed a written response in opposition to Dulce Schools' motion to dismiss, the Court could deem that Martinez-Jones' failure to do so constitutes consent to grant the motion. See D.N.M. LR-Civ. 7.6(a) (stating "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Because Martinez-Jones is proceeding pro se, however, the Court believes the best course is to review the motion on the merits. In this case, the Court concludes that Dulce

Schools' motion has merit. Martinez-Jones failed to comply with rule 4(m) and Dulce Schools properly preserved and asserted its objection to insufficient service under 12(b)(5) as well as 4(m). The Court concludes, however, that the best approach to deal with Martinez-Jones' insufficient service is to give Martinez-Jones warning of what will occur if he does not serve Dulce Schools within thirty days from the date of the March 6, 2008 hearing. If Martinez-Jones does not serve the Complaint on Dulce Schools and file a return of service with the Court within thirty days from the March 6, 2008 hearing, the Court will grant Dulce Schools' Motion to Dismiss.

**I.    MARTINEZ-JONES IS IN VIOLATION OF RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Martinez-Jones is in violation of rule 4(m). His complaint was filed on July 24, 2007 and the 120-day time limit, provided for in rule 4(m), expired in late November. See Defendant's Response at 2. "Effectuation of service is a precondition to suit." Jenkins v. City of Topeka, 136 F.3d at 1275, and it is the plaintiff's burden to establish the validity of service. See Fed. Deposit Ins. Corp. v. Oaklawn Apts., 959 F.2d at 174. On December 1, 2007, past the 120-day time limit, Martinez-Jones admitted, in his letter to the Court, that he did not serve Dulce Schools because he wanted the assurance that he would not be held accountable for any of Dulce Schools' attorney fees or costs. See Letter. It is undisputed that Martinez-Jones did not serve Dulce Schools within the 120-day period.

The Court finds that Dulce Schools properly preserved its 12(b)(5) and 4(m) objections by raising the issue of insufficient service in its Response to Martinez-Jones' Motion to Hold Harmless and Immune From All Defendant's Costs. See Defendant's Response at 2. Furthermore, the Court does not believe that Dulce Schools' entry of appearance obviated the need for Martinez-Jones to serve Dulce Schools in accordance with Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4.

The United States Court of Appeals for the Tenth Circuit has held that "[o]bjections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion." Fed. Deposit Ins. Corp. v. Oaklawn Apts., 959 F.2d at 175.  Black's Law Dictionary defines "motion" as "a written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary (8th ed. 2008).   Because an entry of appearance does not request a court to make a specified ruling or order, Dulce Schools' entry of appearance did not waive its objection to Martinez-Jones' insufficient service.  Thus, contrary to Martinez-Jones' understanding, proper service was still required after Dulce Schools' entry of appearance.

Moreover, while  a showing of good cause is no longer required under rule 4(m) for the Court to relieve a plaintiff of the consequences of violating rule 4(m),the Court notes that it is relevant that Martinez-Jones has not shown good cause for his failure to serve his Complaint.  In fact, Martinez-Jones' letter demonstrates that he is intentionally refraining from serving his Complaint.  See Letter.  Because Martinez-Jones has not shown good cause, the Court considers several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Advisory Committee notes to the 1993 amendments to Fed. R. Civ. P. 4(m).  Because Martinez-Jones is proceeding pro se, the Court will exercise its discretion to give him a limited extension of time to serve Dulce Schools.

The Court notes that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983)(citing 5 C. Wright & Miller, Federal Practice and Procedure § 1354, at 586-87 (1969)).  See Montalbano v. Easco Hand Tools, Inc., 766

F.2d at 740 ("Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant . . . even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.")(internal quotations and citations omitted). Additionally, the Tenth Circuit has held that the Court has discretion to dismiss an action if it appears unlikely that proper service can or will be instituted. See Pell v. Azar Nut Co., Inc., 711 F.2d at 950 n.2. Thus, although Martinez-Jones has violated the Federal Rules of Civil Procedure and failed to show good cause for his insufficient service of process, the Court will exercise its discretion and provide Martinez-Jones with a time extension to sufficiently serve process. In conclusion, the Court will dismiss Martinez-Jones' Complaint, pursuant to rules 4(m) and 12(b)(5), without prejudice, thirty days from the date of the March 6, 2008 hearing, unless Martinez-Jones serves his Complaint on Dulce Schools within that time.

**IT IS ORDERED** that the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4(m) is granted in part and denied in part. The Court will dismiss the Plaintiff's Complaint without prejudice and without further notice thirty days from the date of the March 6, 2008 hearing unless the Plaintiff serves the Complaint on the Defendant and files a return of service with the Court establishing service.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jardy Sinclair Martinez-Jones
Chama, New Mexico

    *Plaintiff pro se*

Gerald A. Coppler
Coppler & Manick, P.C.
Santa Fe, New Mexico

    *Attorneys for the Defendant*